955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JACK ROWE ASSOCIATES, INC., Rowe Marketing International,
Inc., Plaintiffs-Appellants,
v.
SANYO ELECTRIC, INC., Defendant-Appellee.
 No. 91-55092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Feb. 20, 1992.
 
 Before SCHROEDER, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rowe Marketing International ("RMI") appeals the district court's grant of summary judgment in favor of Sanyo Electric Inc. ("Sanyo"). The district court determined as a matter of law that Sanyo was justified in terminating its alleged oral distribution contract with RMI because of poor job performance. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 RMI contends summary judgment was inappropriate and in error because issues of material fact existed with respect to whether RMI's conduct under the contract constituted poor job performance. It argues that Jack Rowe's affidavit testimony makes it clear that termination of RMI by Sanyo could only be for RMI's poor job performance uncorrected after notice. According to RMI, it cannot be concluded as a matter of law that the dramatic decline in purchases from Sanyo constituted poor job performance. It attempts to distinguish poor sales from poor sales effort, arguing only the latter would justify termination of the oral contract as a matter of law because poor sales could result from factors beyond the control of RMI.
 
 
 4
 In order to avoid summary judgment the nonmoving party must set forth specific facts such that a reasonable jury might return a verdict in its favor based on that evidence. T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 631 (9th Cir.1987). Here, there is no evidence in the record to support RMI's contention that the oral contract authorized termination by Sanyo based only on a subjective standard for poor job performance. For purposes of summary judgment, Sanyo concedes the existence of the oral contract and the express term that the only basis upon which Sanyo could terminate RMI was for poor sales performance uncorrected for twelve months after notice and financial assistance from Sanyo. It is undisputed that there were dramatic declines in purchases by RMI from Sanyo.[1] Also, RMI does not contend Sanyo failed to provide the requisite financial assistance. Further, the numbers clearly indicate that the downward turn in purchases went uncorrected for a period exceeding twelve months. Finally, it is clear that RMI had actual notice of the dramatic decline in purchases from Sanyo. Additionally, notice was given by way of a letter dated March 29, 1983, from Arthur Westburg, a Senior Vice President of Sanyo, to Rowe, the Chief Executive Officer and the sole owner of RMI. Thus, RMI essentially argues that the question of what it believed the term poor job performance in the contract to mean is an issue of fact that should be submitted to the jury; namely, was the decline a result of economic factors beyond RMI's control.
 
 
 5
 The difficulty with this contention is that RMI fails to present any specific evidence to indicate the parties agreed that poor job performance would be determined solely on the basis of RMI's subjective efforts and objective factors must be considered in evaluating its job performance under the oral distribution contract. The term of the oral contract testified to by Rowe was that termination was justified in the event of poor job performance uncorrected after notice and financial assistance from Sanyo. Further, during his deposition, Rowe testified that poor performance under the agreement meant a "substantial decrease in sales followed up by incorrective measures over a period of 12 months." There is no evidence in the record to support RMI's current contention that the parties agreed the cause of the poor job performance would be dispositive of termination. Consequently, we find the district court properly granted summary judgment upon its determination that Sanyo was justified in terminating the oral distribution contract with RMI because of poor job performance. See Stewart Title Co. v. Herbert, 96 Cal.Rptr. 631, 635 (Ct.Cal.App.1970) ("[I]t is elementary that the uncommunicated subjective belief of a contracting party is not competent evidence to prove the meaning of the contract.").
 
 
 6
 Next, RMI contends the decision in this case is dictated by the panel's decision in the first appeal decided November 3, 1988. See Jack Rowe Assoc., Inc. v. Sanyo Electric, Inc., No. 87-5700 (9th Cir. November 3, 1988) (Sanyo I ). According to RMI, the Sanyo I panel implicitly decided there were questions of fact sufficient to preclude summary judgment of whether there was poor job performance as a matter of law justifying Sanyo's termination of the oral contract. Thus, RMI argues the question of poor job performance as a matter of law is barred by the law of the case doctrine. In support of this contention, RMI notes that the panel in Sanyo I determined that "RMI raises a triable issue as to whether Sanyo breached its contract with RMI." Additionally, the panel stated that "RMI presented some evidence by affidavit to show ... (2) that its contract could not be terminated unless for poor performance uncorrected without notice; and (3) that the contract was terminated for other reasons, in breach of the contract." Alternatively, RMI asserts that Sanyo waived its right to rely on poor job performance to justify termination because Sanyo failed to raise it in the first appeal.
 
 
 7
 Normally, "[t]he doctrine of law of the case encompasses a court's explicit decisions as well as those issues decided by necessary implications." Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989). Under this doctrine, the panel in a subsequent proceeding is bound by a decision of the court in a prior appeal unless: 1) the first decision is clearly erroneous and would result in manifest injustice; 2) an intervening change in the law has occurred; or 3) the evidence on remand is substantially different. Id. Also, a subsequent court is free to decide an issue on remand that was not decided in the prior appeal. See Liberty Mutual Ins. Co. v. Equal Employment Opportunity Program, 691 F.2d 438, 441 (9th Cir.1982).
 
 
 8
 Here, the Sanyo I panel did not decide whether Sanyo would be justified as a matter of law in terminating RMI due to poor job performance. Rather, the panel ruled on whether California's statute of frauds prevented enforcement of the oral distribution contract and whether RMI itself voluntarily terminated the contract prior to 1984. While the Sanyo I panel noted that some evidence was presented that the contract could be terminated only for poor performance and that there was some evidence the contract was terminated for other reasons, the panel specifically did not decide whether there was poor job performance by RMI under the contract justifying Sanyo's termination. Additionally, it was subsequent to the Sanyo I that Rowe testified he understood poor performance to mean a substantial decrease in sales uncorrected over twelve months. In response to this new theory, Sanyo gathered additional evidence by taking Jack Rowe's deposition. While presumably this evidence was available during Sanyo I, it was unnecessary because of the legal theories relied on by RMI at that time. Thus, we find that law of the case does not bar Sanyo from seeking summary judgment on the basis of the oral contract's termination provision.
 
 
 9
 RMI's appellate waiver argument must fail as well. For support, RMI cites Munoz v. County of Imperial, 667 F.2d 811 (9th Cir.), cert. denied, 459 U.S. 825 (1982), which does not stand for the proposition that Sanyo could not seek summary judgment on different grounds after this court's opinion in Sanyo I. Munoz merely permits this court to refuse to consider a new contention that could have been, but was not, raised during a prior appeal. Munoz, 667 F.2d at 817. That is not the situation before this court. Sanyo is not now attempting to raise new issues on this appeal that could have been raised in Sanyo I. On this appeal, Sanyo is attempting to defend the propriety of the district court's grant of summary judgment on the basis of the termination provision in the oral contract, a different ground from before. Consequently, we find that RMI's appellate waiver argument is not applicable to the situation before this panel.
 
 
 10
 The district court's order granting summary judgment in favor of Sanyo must be affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The figures are as follows:
 YEAR SALES
1981 $4.5 million
1982 $230,000
1983 $ 10,000
1984 $ 700